1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
    Gerald  Giordano  and  Lisa  Giordano,)      No. CIV 13-310 TUC JGZ (LAB)
9   husband and wife,                      )
                                           )      **REPORT AND RECOMMENDATION**
10            Plaintiffs,                   )
                                           )
11  vs.                                     )
                                           )
12  Chuck  Johnson  and  Jane  Doe  Johnson,)
    husband and wife; XYZ Entity I,        )
13                                          )
              Defendants.                   )
14                                          )
    _____)
15

16          Pending before the court is a motion to transfer the case to the District of New Mexico

17   pursuant to Fed.R.Civ.P.12(b)(2) and 28 U.S.C. § 1631 filed by the defendant, Chuck Johnson,

18   on May 10, 2013.  (Doc. 3)  In the alternative, Johnson moves for a change of venue pursuant

19   to 18 U.S.C. 1404(a).

20          The plaintiffs in this action, the Giordanos, claim Johnson's negligence caused the

21   insurance policy on their vacation cabin to lapse shortly before it was destroyed in a wildfire.

22   In the pending motion, Johnson moves that the action be transferred for lack of personal

23   jurisdiction.

24          The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant

25   to Local Civil Rule 72.2.  Rules of Practice of the U.S. District Court for the District of Arizona.

26   The court finds this motion suitable for decision without oral argument.

27          The motion should be granted.  The court lacks personal jurisdiction over the defendant,

28   Johnson.

FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs, Gerald and Lisa Giordano, are residents of Arizona.  (Doc. 9, p. 1)  The defendant, Chuck Johnson, is a New Mexico insurance agent.  *Id*.  The Giordanos contacted Johnson because they wanted help in finding insurance for their New Mexico vacation cabin.  (Doc. 10, p. 4)  Because the cabin was located in a fire-prone area, finding an insurance company willing to provide coverage was difficult.  Johnson, however, was successful in finding a series of policies for the cabin beginning in 2008 when it was purchased by the Giordanos.  From December 18, 2010 to December 18, 2011, the cabin was insured by the New Mexico Property Insurance Program (PIP).  (Doc. 9, p. 2)  Johnson assisted the Giordanos by finding the insurance, sending them the application, and forwarding the completed application to the PIP.  (Doc. 10, p. 4)

At the end of the policy period, the PIP sent the Giordanos a bill and renewal notice for the following year.  (Doc. 9, p. 2)  This bill, however, was sent to an obsolete address, and the Giordanos did not receive it.  (Doc. 9, p. 2)  The policy lapsed, and the cabin was destroyed in a wildfire five months later.  (Doc. 9, p. 3)  In their complaint, the Giordanos claim Johnson knew the bill was sent to an incorrect address and negligently failed to contact them regarding the policy renewal.  (Doc. 9)

In the pending motion, Johnson, moves that the action be transferred to the District of New Mexico pursuant to Fed.R.Civ.P. 12(b)(2) and 28 U.S.C. § 1631.  In the alternative, he moves that this court transfer venue pursuant to 18 U.S.C. § 1404(a).


Discussion

The court may dismiss an action pursuant to Rule 12(b)(2) if the court lacks personal jurisdiction over the defendant.  FED.R.CIV.P.  As an alternative to dismissal, the court may transfer an action pursuant to 28 U.S.C. § 1631 if it lacks jurisdiction.  "The burden of proof is on the plaintiff to show that jurisdiction is appropriate, but in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts."  *Sher v. Johnson*,  911 F.2d 1357, 1361 (9th Cir. 1990).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 -1155 (9th Cir. 2006).  Because the Arizona long-arm statute extends jurisdiction to the maximum extent permitted by due process, only the due process analysis is necessary.  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997).

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident [] defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 413-14 (1984) (internal punctuation removed).  The defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there.  *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The court may exercise either general or specific jurisdiction over a defendant.  *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).  If the defendant maintains "substantial" or "continuous and systematic" ties to the forum, the court may assert general jurisdiction over the defendant.  *Id.*  Where the defendant's ties to the forum are not continuous and systematic, jurisdiction nevertheless may be proper if the defendant's ties to the forum are sufficient, and the suit arises out of these ties.  *Id.*  This is called specific jurisdiction.  *Id.*

The plaintiff concedes that general jurisdiction over the defendant is not appropriate. (Doc. 10, p. 6)  Accordingly, the court concentrates its inquiry on the test for specific jurisdiction.

This "minimum contacts" test for specific jurisdiction is satisfied when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  "The plaintiff bears the burden of satisfying the first two prongs of the 'minimum

1   contacts' test." *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the

2   burden then shifts to the defendant to 'present a compelling case' that the exercise of

3   jurisdiction would not be reasonable.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

4   797, 802 (9th Cir. 2004).  In this case, the plaintiffs' argument fails at the first prong.  The court

5   need not address the remaining two prongs.

6          The first prong of the test is satisfied if the defendant "has either (a) 'purposefully

7   availed' himself of the privilege of conducting activities in the forum, or (b) 'purposefully

8   directed' his activities toward the forum."  *Pebble Beach Co.*, 453 F.3d at 1155.

9          The "purposefully directed" test is appropriate where the defendant "(1) committed an

10  intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt

11  of which is suffered and which the defendant knows is likely to be suffered in the forum state."

12  *Pebble Beach Co.*, 453 F.3d at 1156.  Here, the complaint sounds in negligence.  The

13  "purposefully directed" test therefore does not apply.  Accordingly, the court will consider

14  whether the defendant "purposely availed himself of the privilege of conducting activities" in

15  Arizona.  *Pebble Beach Co.*, 453 F.3d at 1155.  The court concludes that the defendant,

16  Johnson, has not done so.

17         Johnson is an insurance agent residing in New Mexico.  (Doc. 3, p. 2)  He is licensed

18  only in New Mexico.  *Id.*  He does not advertise or solicit business in Arizona.  *Id.*  Johnson was

19  contacted by the Giordanos and assisted them in obtaining insurance for their New Mexico

20  vacation cabin.  *Id.*  He corresponded with them in Arizona, sent them an insurance application

21  with a self-addressed envelope, and forwarded their application to a third-party New Mexico

22  insurer.  (Doc. 10, p. 4)  Aside from these activities, however, he has done nothing to

23  purposefully avail himself of the privileges of conducting activities in the forum state.

24         It is instructive to examine a related Ninth Circuit case, *Sher v. Johnson*, 911 F.2d 1357,

25  1361 (9th Cir. 1990).  In that case, the California plaintiff traveled to Florida to hire Florida

26  counsel to represent him in a Florida criminal prosecution.  *Id.* at 1360.  He eventually hired a

27  Florida partnership whose individual partners were all Florida residents licensed to practice only

28  in Florida.  *Id.*  At a meeting held in Florida, the plaintiff gave Paul Johnson, one of the

- 4 -

1  individual partners, a $50,000 retainer check.  *Id*.  Paul Johnson later sent the plaintiff in
2  California a letter detailing the retainer agreement.  *Id*.  The plaintiff signed the letter and mailed
3  it back to Florida.  *Id*.  During the course of the representation, Paul Johnson made several
4  phone calls and sent various communications by mail to the plaintiff in California.  *Id*.  Paul
5  Johnson traveled to California three times to meet with the plaintiff or his local counsel.  *Id*.
6  The plaintiff was eventually convicted in Florida and sued the partnership and each of the
7  individual partners in California for malpractice.  *Id*.  The defendants moved to dismiss for lack
8  of personal jurisdiction.  *Id*.

9        The court held that specific jurisdiction over Paul Johnson and the individual partners
10  did not exist because the contacts they had with the forum state did not "constitute purposeful
11  availment of the privilege of conducting activities in California."  *Sher*, 911 F.2d at 1366.  There
12  was, however, specific jurisdiction over the partnership itself, because to guarantee payment,
13  the plaintiff executed a deed of trust in favor of the partnership on his California home.  *Id*. at
14  1364-65.  The partnership therefore was relying on the laws of California to guarantee payment
15  on the contract.  This, plus "the partnership's entire course of dealing with the [plaintiff],"
16  "invoked the benefits and protections of the laws of California for the purposes of jurisdiction."
17  *Id*. (punctuation modified).

18        In this case, Arizona residents contacted a New Mexico insurance agent to find insurance
19  for a New Mexico vacation cabin.  (Doc. 3, p. 2)  The agent, Johnson, is licensed to practice
20  only in New Mexico.  *Id*.  He does not advertise or solicit business in Arizona.  *Id*.  Johnson
21  found insurance coverage for the cabin, and in so doing he communicated with the Giordanos
22  in Arizona.  Aside from these communications, however, he has done nothing to avail himself
23  of the privilege of conducting activities in Arizona.  This court lacks personal jurisdiction over
24  the defendant, Johnson.

25        The Giordanos argue to the contrary that this case has marked similarities to the case,
26  *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1480 (9th Cir. 1986), in which
27  the Ninth Circuit held that the defendant insurer "purposefully availed itself of the benefits and
28  protections of [the] forum [state]."  It is instructive to examine that case.

In *Hirsch*, the plaintiff's employer, a Kansas corporation, contracted with the defendant to provide group health care coverage for its employees. *Hirsch*, 800 F.2d at 1476. At the time, 40 percent of its workers were located in the Kansas and Missouri area. *Id*. It had employees located in several other states but none in California. *Id*. The defendant insurer was not licenced to do business in states other than Kansas and Missouri, but it obligated itself to insure all of the corporation's employees knowing that it had employees nationwide. *Id*. at 1476, 1479.

After the contract was signed, the employer hired the plaintiff, Hirsch, who lived in California. *Id*. at 1476  Hirsch filled out the proper enrollment forms in California and sent them to the employer's Kansas office. *Id*. at 1477  Hirsch received an insurance card and had his premiums duly deducted from his pay and forwarded to the insurer. *Id*. Hirsch later sued the insurer in California claiming breach of contract and bad faith. *Id*.

The Ninth Circuit held that the insurer, "by voluntarily and knowingly obligating itself to provide health care coverage to [the employer's] California employees, in exchange for premiums partly derived from premiums paid by California residents, purposefully availed itself of the benefits and protections of that forum." *Id*. at 1480. This court finds *Hirsch* inapposite to the instant case.

In *Hirsch*, the Ninth Circuit found purposeful direction by an insurer's decision to extend health insurance to all employees of a corporation regardless of where those employees were located. *Id*. at 1479. It subsequently insured a California resident, who would presumably be receiving his health services in and sending his insurance claims from California. *Id*. It received premiums deducted from that employee's California pay check. *Id*. at 1477. This health insurance coverage "created a continuing obligation . . . and a substantial connection with California." *Id*. at 1480.

In this case, the defendant and the plaintiffs have no contractual connection. There is no "continuing obligation" between them. The only continuing obligation would be the contract that the Giordanos had with their insurer, and the object of that insurance was a cabin in New Mexico, not Arizona. *Hirsh* is therefore distinguishable. The Giordanos argue to the contrary that "Johnson's own actions in agreeing to act as Plaintiffs' insurance agent created a continuing

1   obligation to them and a substantial connection to Arizona." (Doc. 10, p. 8)  They provide no

2   evidence, however, in support of their argument.  Agreeing to act as someone's insurance agent

3   does not, by itself, create an enforceable contract.  While the parties may have had a continuing

4   *relationship*, there was no continuing *obligation* between them.  Accordingly, Johnson did not

5   do anything to purposely avail himself of the benefits and protections of the forum state.  *See*

6   *Hirsch v. Blue Cross, Blue Shield of Kansas City*,  800 F.2d 1474, 1480 (9th Cir. 1986).

7

8          Discussion: Discovery

9          Within their response to the motion, the Giordanos request that this court defer ruling on

10  the motion and allow discovery rather than find that personal jurisdiction is lacking.  The

11  Giordanos assert they "would seek Johnson's entire file relating to insuring the Cabin, and

12  records of all communications, including written correspondence and emails." (Doc. 10, p. 6)

13         This court has discretion to defer ruling on the pending motion and allow jurisdictional

14  discovery.  See, e.g., *Pebble Beach Co. v. Caddy*,  453 F.3d 1151, 1160 (9th Cir. 2006).  In this

15  case, however, the Giordanos' assertion that relevant documents remain to be discovered is

16  entirely speculative.  Accordingly, the court should decline their request for jurisdictional

17  discovery.

18         Discussion: Transfer

19         Specific jurisdiction may not be asserted against the defendants.  Pursuant to 28 U.S.C.

20  § 1631, if "a civil action is filed in a court . . . and that court finds that there is a want of

21  jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any

22  other such court in which the action or appeal could have been brought at the time it was filed

23  or noticed."

24         "When determining whether transfer is in the interest of justice, courts have considered

25  whether the failure to transfer would prejudice the litigant, whether the litigant filed the original

26  action in good faith, and other equitable factors." *Cruz-Aguilera v. I.N.S.*,  245 F.3d 1070, 1074

27  (9th Cir. 2001).  "Normally transfer will be in the interest of justice because normally dismissal

28

1  of an action that could be brought elsewhere is time consuming and justice-defeating." *Id*.

2  (punctuation modified).

3   It appears that this action could have been brought in the District of New Mexico at the

4  time it was filed.  The court is aware of no equitable factors that would preclude transfer.  It

5  should be transferred to the District of New Mexico.

6

7  RECOMMENDATION:

8  The Magistrate Judge recommends the District Court, after its independent review of the

9  record, enter an order GRANTING the defendant's motion to transfer the case to the District

10 of New Mexico for lack of personal jurisdiction pursuant to FED.R.CIV.P.12(b)(2) and 28

11 U.S.C. § 1631 filed by the defendant on May 10, 2013.  (Doc. 3)

12 Pursuant to 28 U.S.C. §636 (b)(1), any party may serve and file written objections within

13 14 days of being served with a copy of this Report and Recommendation.  If objections are not

14 timely filed, they may be deemed waived.  If an objection is filed, a response is permitted.  A

15 reply to a response is not.

16 DATED this 4th day of October, 2013.

17

18  *Leslie A. Bowman*

19  Leslie A. Bowman
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28